Alvin SHIPMAN, Appellant,

v.

TEXAS GENERAL INDEMNITY
COMPANY, Appellee.

No. 7188.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 18, 1960.

Rehearing Denied Nov. 22, 1960.

Hardy, Odom & Steele, Tyler, Gallagher, Francis, Bean, Wilson & Berry, Judson Francis, Dallas, for appellant.

Power, McDonald & Mell, Tyler, for appellee.

FANNING, Justice.

This is a workmen's compensation insurance case where plaintiff Alvin Shipman, alleging back, disc, and other injuries, sought judgment for benefits for total and permanent disability. Trial was to a jury upon special issues resulting in findings upon which the trial court rendered judgment for plaintiff in the amount of $1,439.81, with interest from date of judgment and costs. Plaintiff Alvin Shipman has appealed.

Appellant Shipman contends that the trial court erred in admitting over his objections medical testimony asserting the beneficial effects of surgery upon a ruptured disc, inasmuch as under the record in this cause the insurer appellee did not admit liability to appellant, and no operation was tendered or requested in the proceedings before the Industrial Accident Board. This contention is sustained under authority of the decision of October 5, 1960, by the Supreme Court of Texas, in Truck Insurance Exchange v. Seelbach, Tex., 339 S.W.2d 521.

We have also carefully reviewed the entire record in the cause, and have reached the conclusion that the admission of the testimony in question amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the cause and constituted reversible error under Rule 434, Texas Rules of Civil Procedure.

For the error indicated, the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.